UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD CLYDE ADAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1309 CDP |
| ) | |
| EUREKA FIRE PROTECTION ) | |
| DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

In this action, plaintiffs allege that defendants disclosed their medical records in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Plaintiffs seek to assert their claims for damages under 42 U.S.C. § 1983, and they also bring state law claims. Defendants move for dismissal of plaintiffs' complaint on the ground that HIPAA creates no private right of action enforceable under § 1983. It does not, so I must dismiss plaintiffs' § 1983 claims. Because plaintiffs' complaint alleges no other basis for federal subject matter jurisdiction, I decline to exercise supplemental jurisdiction over plaintiffs' state law claims and dismiss them without prejudice.

When deciding a motion to dismiss under Rule 12(b)(6), the court must assume all factual allegations of the complaint are true and must construe those

allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). "The motion will succeed or fail based upon the allegations contained in the face of the complaint." McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted). However, the factual allegations in the complaint must be more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

Section 1983 provides the mechanism for enforcing rights secured by the Constitution and laws of the United States and does not confer any substantive rights. Gonzaga University v. Doe, 536 U.S. 273, 285 (2002). "Violation of a federal statute does not automatically give rise to a civil rights claim under § 1983. This is because in order to seek redress through § 1983, a plaintiff must assert violation of a federal right, not merely a violation of federal law." Frison v. Zebro, 339 F.3d 994, 998 (8th Cir. 2003) (internal citations and quotation marks omitted). "Nothing short of a unambiguously conferred right will support a cause of action brought under § 1983." Id. at 999 (quoting Gonzaga, 536 U.S. at 283). "Where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." Id. at 286. There is no private right of

action for violations of HIPAA. See, Bradford v. Blake, 2006 WL 744307, *3 (E.D. Mo. March 23, 2006) ("Every court that has considered the issue, including this Court, has held that HIPAA does not create a private right of action for violations of the Act."); Bradford v. Semar, 2005 WL 1806344 (E.D. Mo. July 28, 2005); Webb v. Missouri, 2007 WL 805797, *2 (W.D. Mo. 2007); Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006) ("[W]e are not alone in our conclusion that Congress did not intend for private enforcement of HIPAA. Every district court that has considered this issue is in agreement that the statute does not support a private right of action."). Therefore, plaintiffs fail to state claims under 42 U.S.C. § 1983, and the motions to dismiss must be granted.

Without addressing the adequacy of plaintiffs' state law claims, the Court declines to exercise jurisdiction over them. Generally, this Court only has jurisdiction to adjudicate claims based on either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331 & 1332. However, a "federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one place." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349 (1988); see also 28 U.S.C. § 1367. Upon a determination that plaintiffs' federal

claims fail to state a claim, the Court has discretion to dismiss without prejudice plaintiffs' attendant state law claims. See Miner v. Local 373, 513 F.3d 854, 866 (8th Cir. 2008). The Court, in its discretion, dismisses plaintiffs' state law claims without prejudice. A separate Order of Dismissal in accordance with this Memorandum and Order is entered this same date.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [#5 and #7] are granted consistent with this Memorandum and Order, and plaintiffs' federal claims (Counts I,II, III, V, VI, VII, VIII, IV, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVII, XIX and XX of plaintiffs' complaint) are dismissed for failure to state a claim. The remaining counts of plaintiffs' complaint, which bring state-law claims, are dismissed without prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2009.